**Malkiat SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* Attorney General of the United States, Respondent.**

No. 08–5970–ag.

United States Court of Appeals, Second Circuit.

July 15, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**64**

Alexander G. Rojas, Barst & Mukamal, LLP, New York, NY, for Petitioner.

Anthony West, Assistant Attorney General, Civil Division; Ernesto H. Molina, Jr., Assistant Director; Dana M. Camilleri, Trial Attorney; Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROBERT A. KATZMANN, REENA RAGGI, and DEBRA ANN LIVINGSTON, Circuit Judges.

*SUMMARY ORDER*

Petitioner Malkiat Singh, a native and citizen of India, seeks review of a November 6, 2008 order of the BIA affirming the February 15, 2007 decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Malkiat Singh,* No. A099 560 423 (B.I.A. Nov. 6, 2008), *aff'g* No. A099 560 423 (Immig. Ct. N.Y. City Feb. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Sulimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). For asylum applications such as Singh's, which are governed by the REAL ID Act of 2005, the agency may base a credibility determination on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008) (per curiam).

In this case, the agency's adverse credibility determination was supported by substantial evidence. The IJ identified inconsistencies between Singh's testimony and other evidence in the record regarding his awareness of difficulties his father had encountered with the authorities in India on account of his involvement in the Sikh movement. The IJ also noted that Singh's demeanor changed dramatically when he was questioned about his father's experiences in India and that he became visibly nervous. Singh's nervousness led the IJ to believe that Singh feared he was giving testimony contradictory to his asylum application and other statements in the record. We afford particular deference to an IJ's evaluation of demeanor in assessing an applicant's credibility. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir.2005).

In addition, the IJ identified inconsistencies between Singh's testimony and his asylum application regarding the date of Singh's second arrest. Further, the IJ noted that although Singh testified that his

family sold some of their land to use as a bribe to secure his release from detention after his first arrest, he did not mention the land sale or the bribe in his asylum application. In addition, the IJ noted that although Singh's brother, who now lives in the United States, testified that the Indian authorities repeatedly questioned Singh concerning his brother's whereabouts after his brother left India, Singh made no mention of this alleged questioning in either his asylum application or his own testimony.[1]

Singh argues that many of the inconsistencies and omissions that the IJ relied on to find him not credible were minor and pertained to matters collateral to his claims. However, under the REAL ID Act, the IJ was entitled to rely on any inconsistency or omission, no matter how minor, provided that the IJ's adverse credibility determination was supported by the totality of the circumstances. *See Xiu Xia Lin*, 534 F.3d at 167. Here, given the totality of the circumstances, the IJ's demeanor finding and the inconsistencies in the record provided sufficient support for his adverse credibility finding, and the agency therefore did not err in denying Singh's asylum claim.[2]

The adverse credibility determination in this case was also a valid basis for denying Singh's claim for withholding of removal, which was based on the same factual predicate as his asylum claim and required Singh to satisfy a higher burden of proof. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Finally, the agency did not err in finding that Singh's bare assertion that he would be subjected to torture in India was insufficient to support his CAT claim.

For the foregoing reasons, the petition for review is DENIED.

---

1. Although the IJ relied on the inconsistency between the testimony of Singh and his brother, he explicitly noted that he gave it reduced weight.

2. We note that Singh's argument that he was not given an opportunity to review his asylum application in a language that he understood is belied by the record.